Andy Wallace BARNETT, Robert Taylor Newman and Jack Coleman Stewart, Appellants,

v.

UNITED STATES of America, Appellee.

No. 23165.

United States Court of Appeals
Fifth Circuit.

March 28, 1968.

Howard Dyer, Jr., Fred C. DeLong, Jr., James L. Robertson, Greenville, Miss., for appellants.

H. M. Ray, U. S. Atty., Oxford, Miss., Thomas G. Lilly, Spec. Asst. U. S. Atty., Jackson, Miss., for appellee.

Before RIVES, GEWIN and GODBOLD, Circuit Judges.

PER CURIAM:

It is ordered that the petition of the United States for rehearing filed in the above entitled and numbered cause is hereby denied.

GEWIN, Circuit Judge (dissenting):

With deference I am compelled to dissent from the order denying petition for rehearing in this case. After carefully considering the petition it is now my view the opinion misapplies the rule in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 and misconstrues and neglects to apply controlling principles of law as set forth in Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). The *Cooper* decision is summarily disposed of in footnote 21, and in my view holds it inapplicable for incorrect reasons. More will be said about *Cooper* later.

Counterfeiters, like those engaged in sophisticated schemes to violate the narcotics statutes, are elusive people and are often difficult to apprehend. In addition, the appellants here, who were apparently well skilled in the art of counterfeiting, were conducting their operations by means of a yacht traveling on the Ohio and Mississippi Rivers supplemented by the movements of an automobile, both used to promote their illicit business. As is evident from our initial opinion, the evidence of guilt is overwhelming and the jury verdict and judgment of guilty would be sustained but for the holding that the search and seizure were unlawful. It is entirely likely that we fell into error in the opinion because the *Cooper* case was decided after this case was submitted.

Two important facts were found by the district court, which, in my view, cannot be said to be clearly erroneous. The district court found that there was a lapse of approximately 20 minutes from the time of the arrest to the search of the vehicle. The district court further concluded that the search was not disassociated from the arrest itself, but was an incident to the arrest. At the time of the search the automobile was approximately five miles from the place of arrest. Moreover, it was found that the evidence seized was directly related to the charges made against the appellants in this case.

In *Preston* the arrest was for vagrancy and no claim was made that the vehicle there involved was related to the violation charged. As the court pointed out, the arrest on the charge of vagrancy was totally unrelated to the fact that the police had custody of Preston's car. As is so often the case in the application of legal principles, the facts are of vital im-

portance. Mr. Justice Black took note of this fact when he commented on Preston in his *Cooper* decision:

"We made it clear in Preston that whether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case and pointed out, in particular, that searches of cars that are constantly movable may make the search of a car without a warrant a reasonable one although the result might be the opposite in a search of a home, a store, or other fixed piece of property."

In undertaking to distinguish *Cooper*, in footnote 21 of our opinion there is reliance on the fact that state law required the arresting officer to seize the car because it was being used to transport illicit narcotic drugs. The *Cooper* opinion takes note of the fact the decision is not based on state law, but is grounded on whether the search was reasonable under the Fourth Amendment to the United States Constitution. The court stated the question in the following language:

"But the question here is not whether the search was authorized by state law. The question is rather whether the search was reasonable under the Fourth Amendment. Just as a search authorized by state law may be an unreasonable one under that amendment, so may a search not expressly authorized by state law be justified as a constitutionally reasonable one."

It is important to note that in *Cooper* the search occurred a week after the arrest of the petitioner. Even so, the opinion approved the subsequent search of the car because the same "was closely related to the reason petitioner was arrested, the reason his car had been impounded, and the reason it was being retained." Concluding, the court quoted the following statement of the rule from United States v. Rabinowitz, 339 U.S. 56, 66, 70 S.Ct. 430, 435, 94 L.Ed. 653, 660, "[t]he relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable."

Our opinion also places some emphasis on the fact that the car involved in *Cooper* was used to transport or conceal contraband. So were the yacht and the automobile in this case. They were used to transport altered coins and materials and paraphernalia used in making such alterations. Both were subject to seizure and forfeiture. 49 U.S.C.A. §§ 781, 782.

After further consideration it is now my view that the purposes of the law and law enforcement would be served better by affirming the conviction of these counterfeiters who were shrewd and mobile and who were plying their trade by use of movable equipment on land and water. I would grant the petition for rehearing, hold the search and seizure invalid and affirm the conviction.